```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

JANA WHITTINGTON,              )
                               )
            Plaintiff          )
                               )
       v.                      )    Case No. 2:09 cv 9
                               )
TRUSTEES OF PURDUE UNIVERSITY; )
PURDUE UNIVERSITY CALUMET,     )
                               )
            Defendants         )

## OPINION AND ORDER

This matter is before the court on the Motion to Resume Settlement Conference [DE 28] filed by the plaintiff, Jana Whittington, on February 16, 2011.  For the following reasons, the motion is DENIED.

## Background

This matter arises from a dispute between counsel for the plaintiff, William Cohen, and counsel for the defendant, Trenten Klingerman, regarding an alleged oral settlement agreement the parties entered during a telephone conversation on January 13, 2011.  Cohen represents that Klingerman made an offer during their conversation, his client subsequently accepted the offer, and he now wishes to enforce the agreement.  Klingerman disputes that he made an offer during the telephone conversation and insists he informed Cohen that he lacked the authority to do so. The court held a hearing on March 22, 2011, to resolve the dis-

pute and determine whether the parties have an enforceable settlement agreement. Counsel for both parties testified at the hearing, offered exhibits of communications they exchanged, and agreed that the court could consider its notes from the July 22, 2010 settlement conference. The facts surrounding the dispute are as follows.

The court held a settlement conference on July 22, 2010 in an attempt to resolve the pending dispute between the plaintiff, Jana Whittington, and the defendants, the Trustees of Purdue University and Purdue University Calumet. At the settlement conference the plaintiff made an demand of $300,000, and the defendants informed the court that they were not willing to settle for more than $50,000 and that any demand exceeding $25,000 would require approval from the West Lafayette campus. The parties were unable to reach an agreement, and the settlement conference adjourned.

The parties continued to discuss the possibility of settling their dispute after the settlement conference. The plaintiff suggested mediation and made a subsequent demand of $150,000. In response to a letter sent on December 23, 2010, the defendants rejected the demand of $150,000 and stated that they would not make a counteroffer. The parties dispute what happened thereafter.

Cohen testified that he called Klingerman on January 13, 2011, to question whether the defendants intended to continue settlement discussions and to obtain a counteroffer. Cohen stated that he asked Klingerman for his client's bottom line and Klingerman affirmatively responded that his client's bottom line was $50,000 and that he had authority to settle for this amount. Cohen informed Klingerman that he would convey the offer to his client but that he did not expect his client to accept that amount. The parties proceeded to discuss the course of discovery if the settlement did not consummate, and Cohen stated that he would need additional time to conduct a deposition of the Purdue University Chancellor.

Cohen discussed the purported $50,000 offer with his client who accepted it on January 17, 2011. Cohen left Klingerman a voice mail accepting the offer and sent a letter to Klingerman on the same day. On January 31, 2011, Cohen received an e-filing notice that Klingerman requested additional time to conduct discovery. In the notice, Klingerman represented that the parties were not likely to settle. Cohen called Klingerman to discuss the agreement he believed the parties had entered. Klingerman denied making an offer and stated that he would convey the $50,000 demand from Whittington to his client. The parties exchanged two e-mails explaining their positions on whether an

offer was made during the January 13, 2011 telephone call, and Cohen subsequently filed this motion to enforce the alleged agreement.

Klingerman's recollection of the January 13, 2011 telephone conversation significantly varies from Cohen's. Klingerman testified that he informed Cohen during the conversation that he was uncertain as to the amount of the "Chancellor's authority" but that he believed it to be around $50,000. According to Klingerman, the Purdue Calumet Chancellor had limited authority to settle cases without the approval from the main campus in West Lafayette. Klingerman stated that he never made an offer and that he did not represent that he had authority to settle. Klingerman testified that he subsequently informed Cohen that they had a miscommunication and that he would convey to his clients that Whittington was making a $50,000 settlement demand. Cohen agreed that Klingerman should convey the demand to his clients. The defendants rejected the $50,000 demand and informed the plaintiff in a letter dated February 9, 2011.

## Discussion

Oral settlement agreements are enforceable under federal law provided the party seeking to enforce the agreement can show that all contract formalities have been complied with. Taylor v. Gordon Flesch Co., Inc., 793 F.2d 858, 862 (7th Cir. 1986); Air

Line Stewards, Etc. v. Trans World Airlines, 713 F.2d 319, 321 (7th Cir. 1983); IMI Norgren, Inc. v. D & D Tooling Mfg., Inc., 306 F.Supp.2d 796, 801 (N.D. Ill. 2004). The moving party bears the burden of proving that an offer was made by one party, accepted by the other, and consideration was exchanged. IMI Norgren, 306 F.Supp.2d at 802 (citing Hyde Park Union Church v. Curry, 942 F.Supp. 360, 363 (N.D. Ill. 1996)); Degerman v. S.C. Johnson & Son, Inc., 875 F.Supp. 560, 562 (E.D. Wis. 1995)(citing Taylor, 793 F.2d at 862). The moving party can satisfy its burden and prove the existence of an enforceable settlement agreement directly or by showing that the actions of the parties indicate an agreement. Degerman, 875 F.Supp. at 562; Ecologix, Inc. v. FanSteel, Inc., 676 F.Supp. 1374, 1379 (N.D. Ill. 1988). The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle. Hartman v. Hook-Superx, Inc., 42 F.Supp.2d 854, 855 (S.D. Ind. 1999).

In Degerman, the defendant sought to enforce an alleged oral settlement agreement. Degerman, 874 F.Supp. at 562. The defendant pointed to several activities the plaintiff took that were consistent with its position that the parties reached an agreement, including canceling a status conference, acknowledging that the terms of the written agreement the defendant submitted were

5

almost identical to the terms they discussed over the phone, failing to comply with the mandatory discovery provisions, and the plaintiff's attorney expressing frustration that her client was attempting to back out of the settlement. Degerman, 874 F.Supp. at 563-64. The defendant also submitted that the terms of the cover letter accompanying the proposed written settlement agreement stated that the document was a written memorialization of a previous oral agreement. Degerman, 874 F.Supp. at 563. However, the court determined that the defendant failed to meet its burden of proof to show that the parties reached an agreement and refused to enforce the alleged agreement. Degerman, 874 F.Supp. at 564 ("I do not believe that the defendant has met its burden of establishing the existence of an oral settlement agreement.").

Here, the plaintiff's proclamation that the parties reached an agreement is far more attenuated. At the evidentiary hearing, the parties exchanged conflicting accounts of the communications they exchanged regarding the possibility of settlement. Cohen testified that Klingerman made an offer, and Klingerman stated that he informed Cohen he did not have the authority to do so. Cohen offered nothing more than his account of the January 13, 2011 conversation and did not substantiate his claim with any direct or indirect proof that the parties reached an agreement.

Cohen did not point to any actions that the defendant took consistent with an agreement or provide the court with any written communications where the defendant acknowledged the same. Rather, the defendants' actions suggest that they did not believe the parties reached an agreement. After the agreement allegedly was formed, the defendants moved for an extension of discovery, suggesting that the defendants intended litigation to move forward.

The court also notes that Klingerman informed the court at the July settlement conference that any settlement exceeding $25,000 would require approval by the West Lafayette campus, suggesting that Klingerman and the Chancellor of the Purdue University Calumet campus did not in fact have the authority to authorize the $50,000 settlement. Furthermore, the parties testified that the January 13, 2011 telephone conference occurred while Klingerman was returning from a deposition. The court finds it difficult to believe that Klingerman made a firm settlement offer without at least referring to his notes to confirm his authority. For these reasons, the court finds that the plaintiff did not satisfy her burden and prove that the defendants made an offer rather than tentatively express that the Chancellor may have authority to settle for the amount discussed.

_____

For the foregoing reasons, the Motion to Resume Settlement Conference [DE 28] filed by the plaintiff, Jana Whittington, on February 16, 2011, is DENIED. The parties are granted an additional 60 days to complete discovery.

ENTERED this 5th day of April, 2011

                                            s/ ANDREW P. RODOVICH
                                               United States Magistrate Judge